UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCIPIO D., <br><br> Plaintiff, <br><br> v. <br><br> ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 2:23-cv-01770-TLF <br><br> ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI") and disability insurance benefits ("DIB") Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 4, Complaint.

On April 22, 2019 plaintiff filed an application for DIB and on June 22, 2019 plaintiff filed an application for SSI alleging a disability onset date of March 7, 2019 in both applications. AR 315, 322. The application was denied initially and upon reconsideration. AR 95, 96, 125, 126. On June 3, 2021 a hearing was held in front of Administrative Law Judge ("ALJ") Allen Erickson. AR 37-67. On June 18, 2021 ALJ Erickson issued a decision finding plaintiff not to be disabled AR 157-166. On October

1

4, 2022 the Appeals Council ("AC") granted plaintiff's request for review, vacated the hearing decision and remanded the case to the ALJ. AR 173-75.

On February 14, 2023, a second hearing was held before ALJ Erickson. AR 68-94. On March 29, 2023 ALJ Erickson decided plaintiff could perform work and therefore was not disabled. AR 17-31. On September 13, 2023 the AC denied the request for review. AR 1-3. Plaintiff filed this appeal.

The ALJ determined plaintiff had the following severe impairments: diabetic nephropathy with bilateral lower extremity edema, obesity, and bilateral knee degenerative joint disease. AR 20. As a result, the ALJ found plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant can only occasionally climb ladders/ ropes/ scaffolds. AR 24. Accordingly, the ALJ found plaintiff is capable of performing past relevant work as a: Teacher Aide I (DOT 099.327-010) and Security Guard (DOT 372.667-034). AR 30.

## STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the

evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

DISCUSSION

**1. Medical evidence.**

Plaintiff challenges the ALJ's assessment of consultative examiner Dr. Beth Liu, M.D., State agency medical consultants Dr. Merry Alto, M.D., Dr. Howard Platter, M.D., and plaintiff's provider Dr. Garima Ajmani, M.D. Dkt. 9 at 3-9.

Plaintiff filed the claim on April 22, 2019 so the ALJ applied the 2017 regulations. *See* AR 305, 315. Under the 2017 regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how they considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

The Ninth Circuit considered the 2017 regulations in *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). The Court found that "the requirement that ALJ's provide 'specific and legitimate reasons'[1] for rejecting a treating or examining doctor's opinion…is incompatible with the revised regulations" because requiring ALJ's to give a "more

---

[1] *See Murray v. Heckler,* 722 F.2d 499, 501 (9th Cir. 1983) (describing the standard of "specific and legitimate reasons").

3

1  robust explanation when discrediting evidence from certain sources necessarily favors

2  the evidence from those sources." *Id.* at 792. Under the new regulations,

> an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2).

*Id.*

A.  <u>State consultants</u>

On October 18, 2019 State agency examiner Dr. Beth Liu, M.D. completed a "Physical Disability Evaluation Report." AR 515-520. Dr. Liu conducted a review of records and a physical examination. *Id*. Dr. Liu noted that plaintiff looked older than his age, presented to the examination using a cane to ambulate and walked with a limp. AR 517. She noted that the physical examination showed decreased ROM in his neck, back, right hip, bilateral knees, bilateral shoulders, and bilateral ankles. AR 518. She wrote that the neurological exam showed decreased sensation to pinprick in bilateral lower extremities. *Id*.

Dr. Liu opined that plaintiff's condition is chronic and ongoing and prognosis was poor unless he lost weight and got his blood sugar in control. *Id*. Based on this, she opined that plaintiff was able to carry 10 pounds occasionally, was able to sit for 10 minutes at a time and up to four hours at a time in an eight hour workday. *Id*. He could walk for 15 minutes at a time without interruption and up to one hour total in an eight hour day. *Id*. He could use his hands frequently, may avoid reaching overhead, pushing or pulling due to bilateral shoulder conditions and knee/back condition. *Id*. He should avoid climbing ladders or scaffolds, kneeling or crawling. *Id*. Environmental limitations

4

1  included unprotected heights, moving mechanical parts, humidity and wetness, dust,
2  odors, fumes and pulmonary irritants, extreme cold, extreme heat, and vibrations. *Id*.
3       On October 25, 2019 state agency consultant Dr. Merry Alto, M.D. determined
4  that plaintiff could lift or carry up to 10 pounds occasionally and can frequently carry less
5  than 10 pounds. AR 104. He determined that plaintiff could stand or walk for two hours
6  and sit for six hours in an eight hour work day. *Id*. He opined that plaintiff could
7  occasionally climb ramps/stairs, stoop, kneel, crouch, or crawl, could frequently
8  balance, and could never climb ladders/ropes/scaffolds. AR 105. He opined that plaintiff
9  was limited in reaching but was unlimited in handling, fingering, and feeling. *Id*. He
10 opined that plaintiff should avoid concentrated exposure to vibration and avoid any
11 exposure to hazards. AR 106. State agency consultant Dr. Howard Platter, M.D.
12 reached substantially the same conclusions. AR 135-37.
13      The ALJ addressed these opinions together and discounted them as inconsistent
14 with the medical record, not based on the longitudinal record, and inconsistent with
15 reports throughout the record of plaintiff going to the gym and seeing improvement with
16 exercise. AR 29
17      As for inconsistency with the medical record, the ALJ cited evidence that plaintiff
18 presented at other exams in no acute distress with a normal gait, normal cardiovascular
19 pulmonary, and musculoskeletal exams, and mild lower extremity edema. AR 29 (citing
20 AR 481, 487, 585. 592-93,607-08, 611, 619-20, 622, 624). Inconsistency with the
21 medical evidence is a valid reason to reject a medical opinion. *See Tommasetti v.*
22 *Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008). However, the ALJ failed to explain how the
23 medical evidence was inconsistent with the state agency consultants' opinions. *See*
24
25

*Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review").

As for the ALJ's second reason – that these doctors did not review the longitudinal record including subsequent evidence to form a more comprehensive opinion of functioning – is not supported by the record; Dr. Liu, Dr. Alto, and Dr. Platter all based their determinations on a review of records. *See* AR 515-18, 128-29. Additionally, the ALJ should have considered the reliability of the opinions for the earlier period even if he found that the later development of the record contradicted the opinions. *See Smith v. Kijakazi*, 14 F.4th 1108, 1116 (9th Cir. 2021) (ALJ erred by discounting doctors whose opinions may have been unreliable as to the whole period because they examined plaintiff shortly after he experienced the loss of loved ones but the ALJ should have considered whether the opinions were reliable evidence of functioning for the earlier period).

As for the ALJ's third reason, citing the disparity between plaintiff's self-reported activities of daily living and assertions of anxiety symptoms, the ALJ has provided a clear and convincing reason for discounting the State agency consultants. Inconsistency with a claimant's activities may serve as a proper basis for rejecting a medical source's opinion. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Here the ALJ cited evidence that plaintiff engaged in weightlifting, went to the gym, and experienced improved symptoms with exercise. AR 29 (citing AR 648, 649-781, 712). Plaintiff reported to providers that he was going to the gym three times a week for two hours at a time and noticed significant improvement in his blood sugar with exercise (AR 676, 691), these activities included cardio and weightlifting (AR 684, 686, 698, 714, 751). It

1 was therefore reasonable for the ALJ to conclude that these activities were inconsistent
2 with the severe limitations opined by the State agency consultants.
3     Because the Court has found one of the reasons relied on by the ALJ was
4 supported by substantial evidence the record, the error regarding the other reasons
5 provided by the ALJ are harmless. *See Batson v. Comm'r of Soc. Sec. Admin.,* 359
6 F.3d 1190, 1197 (9th Cir. 2004) (finding error harmless where ALJ provided another
7 legal valid reason to discredit plaintiff's testimony).
8   B.  <u>Dr. Ajmani</u>
9     On May 28, 2021 Dr. Garima Ajmani, M.D. provided an opinion regarding
10 plaintiff's physical impairments. AR 638-40. Dr. Ajmani stated that she mostly agreed
11 with Dr. Liu's assessment but opined that plaintiff's walking had worsened to the point
12 he could only walk up to five minutes at a time and up to an hour a day. AR 639.She
13 noted that plaintiff occasionally uses a cane. *Id*. She opined that plaintiff should only
14 occasionally engage in reaching and would only be able to move his neck up and down
15 and side to side occasionally. *Id*. She opined that she would expect plaintiff to miss 16
16 hours or more from work each month because "even when symptoms are well
17 controlled it is common to have flare ups of the upper and lower back which causes
18 difficulty with work." AR 640.
19     The ALJ found Dr. Ajmani's opinion to be unpersuasive based on inconsistency
20 with the medical record, evidence of plaintiff's ability to vigorously exercise, and the fact
21 that Dr. Ajmani was not treating plaintiff for the conditions that she opined were causing
22 plaintiff's limitations. AR 29-30.

As for the ALJ's first reason, the ALJ cites much of the same evidence he cited in discounting the State agency consultants' opinions and also specifically highlights the evidence from Dr. Ajmani's examinations of plaintiff. AR 29. This is not a sufficient reason for discounting Dr. Ajmani's opinion because the ALJ does not explain how these "normal" physical exams undermine the limitations opined by Dr. Ajmani. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review").

As for the ALJ's second reason, as stated above, the fact that plaintiff was working out multiple days a week doing cardio and weightlifting was a proper reason for discounting Dr. Ajmani's opinion. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

Because the Court has found one of the reasons relied on by the ALJ was supported by substantial evidence the record, any error regarding the other reasons provided by the ALJ is harmless. *See Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1197 (9th Cir. 2004) (finding error harmless where ALJ provided another legal valid reason to discredit plaintiff's testimony).

   **2. RFC determination**

Finally, to the extent that plaintiff argues that the RFC determination is invalid because the ALJ rejected all of the medical evidence, this argument is unavailing.

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520, § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.*

A claimant's RFC assessment is used at step four of the process to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *2. It is what the claimant "can still do despite his or her limitations." *Id.*

A claimant's RFC is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *Id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

At step five of the sequential disability evaluation process, the ALJ must show there are a significant number of jobs in the national economy the claimant is able to perform. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. § 404.1520(e). The ALJ can do this through testimony of a vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162-63 (9th Cir. 2000).

An ALJ's step five determination will be upheld if the weight of the medical evidence supports the hypothetical posed to the vocational expert. *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *Embrey v. Bowen*, 849 F.2d 418, 422-23 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's functional limitations, which forms the residual functional capacity (RFC)

determination, "'must be accurate, detailed, and supported by the medical record.'" *Id.* (quoting *Desrosiers*, 846 F.2d at 578 (Pregerson, J., concurring)).

       Here the ALJ found plaintiff could perform medium work with the ability to perform his past work as a teacher aide and security guard. AR 24, 30. Plaintiff argues the ALJ erred in so finding, relying on the other alleged errors addressed above considering the ALJ's evaluation of the medical opinion evidence in the record. But because none of the errors the ALJ committed were harmful error, plaintiff has failed to carry his burden of demonstrating the ALJ erred in assessing his RFC or finding him not disabled at step five.

## CONCLUSION

       Based on the foregoing discussion, the Court concludes the ALJ properly determined plaintiff to be not disabled. Therefore, the ALJ's decision is <u>affirmed.</u>

Dated this 12th day of August, 2024.

*[signature: Theresa L. Fricke]*

Theresa L. Fricke
United States Magistrate Judge